IN THE COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

FILED IN COURT OF APPEALS
12th Court of Appeals District

MAR 20 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

REC'D IN COURT OF APPEALS
12th Court of Appeals District

MAR 20 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

NO. 12-14-00016-CV

JUAN ENRIQUEZ,
Plaintiff-Appellant,

V.

RICK THALER, et al.,
Defendants-Appellees.

## REPLY BRIEF FOR APPELLANT

TO THE HONORABLE JUDGES OF SAID COURT:

Juan Enriquez, Appellant, pursuant to Rule 38.3, Texas Rules of Appellate Procedure (TRAP), files his Reply Brief, showing as follows:

### I. REASONS FOR REPLY BRIEF

This case was dismissed without prejudice. It will be prosecuted either after remand or after refiling. It is thus important that the primary

Issue, namely, Venue, be Addressed first because if th district court wrongly transferred, everything that followed is a nullity. It is particularly necessary for the court to Address And resolve this issue because Travis County Refused to provide Appellant with the transcript of the Venue transfer hearing. The district clerk wouldn't provide it. The Reporter would not provide it. And the Judge who transferred Venue would not provide.

The transcript of the venue transfer hearing was provided as an Appendix in support of Appellee's Brief. It reflects the court Addressed And ruled on Appellants ground that the Savings clause of the Venue transfer statute did not Apply to cases that Accrued prior to 1995.

The savings clause of the motion of which -- of the statute on which they relied for a transfer of venue is that -- This is A statute that was Added in 1995.

Another Section 10(a) of the Savings clause under the statute, which I did not give to you but which I just read here in the law library, I want to quote it to you.

This Act Applies only to A cause of action that Accrues on or After the effective date of this Act. An action that Accrued before the effective date of this Act is governed by the law Applicable to the Action As it existed immediately before the effective date of this Act And that law is continued in effect for that purpose

Now that's very, very clear. This statute
applies only to acts that occurred after 1995.

**Hearing of Motion to Transfer Venue, at 15.**

The hearing transcript also reflects the following:

I'm simply stating a fact of why I'm
confined. I then proceed and state in paragraph 9,
"Defendants predecessors in the 1970s operated racially
segregated prisons in violation of the state and federal
constitution," that's some 30 years or so before 1995.

And then I go: Nothing in the facts of my
complaint—— my complaint is based on a policy that was
in existence or that accrued before 1995. That's when
this— when these people authorized their wardens to
segregate their races, to discriminate by statute,
that's when my cause of action accrued.

**Hearing of Motion to Transfer Venue, at 16**

How long have you been at this unit?

MR. ENRIQUEZ: At this unit, I've been
here several —— four times, Your Honor. I was first
here in 1987.

Then I returned in 1999, I believe. Then
I was transferred again. And I came back in 2000 or so.
Then I was transferred again. I came back here in 2003.

This is not the only unit I'm at. But for the
purposes of my complaint, it is a policy —— it is a
complaint against the policy

And for the purpose of the venue motion, everything in my complaint must be accepted as true.

I mean, my cause of action is automatically accepted when it is considered under the venue statute. We can't argue the marist of my cause of action

What I say here is what governs the decision to make the venue decision. So the statute that she quotes simply, on my pleaded facts, does not apply.

Hearing of motion to Transfer Venue, 16, 17,

The Court granted the motion to transfer venue based on the merits of the claim:

Secondly, Mr. Enriquez just test -- or just put on the record, And I'm not sure — he didn't testify, but he just put on the record that he's been at the michael Unit since 2003. So, for nearly a decade All the discrimination has occurred at the Michael Unit where we are saying this action has occurred.

xxx

So we are saying that for the basis of his complaint that he has personal knowledge of are the actions that have occurred at the michael Unit. He has been there for nearly a decade, And the michae Unit is located in Anderson County

Hearing on Motion to Transfer Venue, 23, 24.

The Court made credibility determinations regarding the pleaded facts. Also, notwithstanding that Appellant informed the Court he had been on the Michael Unit since 1987, then in 1999, then in 2000 or so, the Court found that that limited his complaint to his last transfer to the Michael Unit. The trial Court does not have leeway to determine the merits of the cause of action on a motion to transfer venue.

      (b) <u>Cause of Action</u>. It shall not be necessary for a claimant to prove the merits of a cause of action, but the existence of a cause of action, when pleaded properly, shall be taken as established as alleged by the pleadings.

<u>Rule 87(b)</u> Texas Rules of Civil Procedure.

Appellant plead systemic racial discrimination due to the statutory requirement to segregate the races. He also plead that he had been housed at various Units. The Court ignored the systemic claim of discrimination and also ignored the fact that Appellant first arrived on the Michael Unit to limit the pleading to 2003 forward. This the district court did not have discretion to do. The lower Court was bound to the complaint.

The standard of Appellate review is governed by Tex. Civ. Prac. & Rem. Code, Section 15.064 (b) which states:

> On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits

Ruiz v. Conoco, Inc., 868 S.W. 2d 752, 757 (Tex. 1993,

If there is no evidence that venue was proper, the Appellate court must reverse the trial court's erroneous venue ruling and remand the case for a new trial without conducting the usual harm analysis. Wichita City v. Hart, 917 S.W. 2d 779, 781 (Tex 1996); Bleeker v. Villareal, 941 S.W. 2d 163, 167 (Tex. App. -- Corpus Christi 1996, writ dismissed). Thus venue is one of the rare situations where the harmless-error rule, TRAP 44.1(A), does not apply. If the trial court makes an erroneous venue ruling, the case must be reversed even if Appellant cannot show harm, Wilson v. Texas Park & Wildlife Dept., 886 S.W. 2d 259, 261 (Tex. 1994).

Here, even Appellees' Brief Acknowledges Plaintiff's claim:

> Appellant alleges that Appellees have maintained and operated a racially segregated and racially discriminatory prison system which discriminates against Hispanics by denying them equal educational opportunities and rehabilitative programs, housing

them in segregated facilities, assigning jobs on basis of race and color, denying them equal medical and dental treatment, and disciplining them with harsher punishments.

Appellees' Brief, at 4

The Appellees also recognize that "Appellant further claims that Appellees have a policy in place regarding the supervision of their units that denies equal treatment and services to Hispanics that are 'provided roatinkly to Anglo inmates'" Appellees' Brief, at 4.

Even if Appellees are correct that the claim is limited to Michael Unit staff, Enriquez put on the record that he first arrived at the Michael unit in 1987, eight years before the inmate venue statute was enacted. The Court ignored these eight years and limited the allegations to 2003 forward, which ruling has no factual basis. Plaintiff informed the Court that "in paragraph 9, 'Defendants Predecessors in the 1970s operated racially segregated prisons in violation of the State and Federal Constitution'." Motion to Transfer Venue Hearing, at 16. Plaintiff continued "my complaint is based on a policy that was in existence or that accrued before 1995. That's when this—when these people authorized their wardens to segregate their races, to discriminate by statute, that's when my cause of action accrued." Hearing of Motion to Transfer Venue, at 16.

The Appellees recognize "Appellant Amended his complaint to include several incidents of discrimination, yet does not enter a grievance on any incident." Appellees' Brief at 11. It was not necessary for Appellant "to prove the merits of a cause of action, but the existence of a cause of action, when pleaded properly, shall be taken as established as alleged by the pleadings." Rule 87(b) Tex.R.Civ.P.

Plaintiff's claim of racial segregation and racial discrimination is the classic claim recognized by the United States Supreme Court since 1968. The trial court did not have discretion to limit it to post-2003 events. Enriquez was at the Michael Unit since 1987. The trial court's venue transfer ruling is erroneous because by virtue of the savings clause the inmate venue statute does not apply to this case.

A second reason a Reply Brief is necessary because Appellees did not address Appellant's claim that the trial court did not have discretion to enter an order that the inmate pay an amount equal to the lesser:

1) 20 persent of the preceding six months deposits to the inmate's trust account; or

2) the total amount of court fees and costs charged to the inmate in this case.

Brief for Appellant, at 7.

The trial court was limited to the six months deposits from the February 7, 2012, affidavit which was the basis of the indigency determination. The February 7, 2012, affidavit reflects a total of $570 for the preceeding 6 months. Twenty percent of $570 is $140. Instead, by using the 6-month period from the date of the December 11, 2013, order, the Appellant was charged $269.00 (CR 141), $129 more than the court authorized to impose. Thus, even if the Court was correct in denying indigency, the court erred in taking an action which he had no authority to take.

A third reason that a Reply Brief is necessary is that the Defendants are misleading the court regarding a step 2 grievance: "In fact, Appellant refused to file a step 2 grievance at all and therefore failed to comply with §14.005(a)(1), Appellees' Brief, at 12

The truth is that the Step 1 grievance established that only one issue per grievance is allowed. The Step 2 grievance received on the unit on June 28, 2013.

You were appropriately advised at the Step 1 level. Grievance policy allows for one issue to be presented per grievance. Your complaint involved multiple issues and it was at the Grievance Investigator's discretion, to select the most prevalent. . . .

APPENDIX A: step 2 grievance.

A fourth reason that a Reply Brief is necessary is that the Appellant offered to pay

for the lawsuit in Anderson County.

Appellees' Brief, at 15, 16.

The Court could have dismissed the case which Appellant could refile. However, the Defendants insisted the Appellant proceed on the documents filed in Travis County when the lawsuit was filed Appellees' Brief, at 16.

The Court ruled that "I'm going to go with the pleadings you have on file, Mr. Enriquez." Appellees' Brief, at 16.

No record was provided by the Travis County Clerk. There is no certidication that the Records provided by Travis County. Travis County Officials refused to provide Appellant with any records, including the transcript of the Venue Transfer motion provided by Appellees. APPENDIX B & APPENDIX C.

Appellant paid the costs charged in this case. It appears the trial court wanted an extra $250 for Travis County or she would have dismissed the case and allowed the case to be refiled. Trial Courts should not be allowed to take advantage of pro se defendants to enrich the coffers of their counties.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Appeal be remanded and the dismissal judgment reversed due to an erroneous venue transfer ruling. Alternatively that the Court Remands and the dismissal judgment reversed due to the failure of the trial court to dismiss the case and allow Plaintiff to pay the filing fees and costs, as he has done.

Respectfully Submitted,

Juan Enriquez

JUAN ENRIQUEZ
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

Certificate of Service

I, Juan Enriquez, certify that a correct copy of the foregoing Reply Brief for Appellant, was served by placing same in the United States Mail, postage prepaind, on February 23, 2015, Addressed to Briana Webb, Assistant Attorney General, P.O. Box 12548, Austin, TX 78711

Juan Enriquez

JUAN Enriquez

Mailbox Rule Filing Verification

I, Juan Enriquez, declare under penalty of perjury, that the foregoing Reply Brief for Appellant was filed on February 23, 2015, by placing same in the Institutional Mail System, first class mail, postage prepaid, Addressed to Clerk, Twelfth Court of Appeals, 1257 West Front Street, Suite 354 Tyler, TX 75702. Executed on February 23, 2015.

Juan Enriquez



# Texas Department of Criminal Justice
# STEP 2
## OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2013138259

UGI Recd Date: JUN 24 2013

HQ Recd Date: JUN 28 2013

Date Due: 7-29

Grievance Code: 00620 0

Investigator ID #: DO144

Extension Date:

Offender Name: JUAN ENRIQUEZ  TDCJ # 227122

Unit: MICHAEL  Housing Assignment: 4E46B

Unit where incident occurred: ELLIS, RAMSEY, DARRINGTON, HUNTSVILLE, MICHAEL, TELFAIR, BETO, McCONNELL

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be specific).**  *I am dissatisfied with the response at Step 1 because...*

RANDOM SELECTION DOES NOT RESULT IN THE COMPLETE SEGREGATION OF CERTAIN LIVING AREAS. THAT RESULTS ONLY WHEN THERE IS A DELIBERATE INTENTION TO SEGREGATE.

HE ADDRESSED ONLY ON ISSUE, SO DO YOU WANT 100 GRIEVANCES FOR EACH INSTANCE, FOR EACH UNIT, FOR, EACH INDIVIDUAL VIOLATION. THE UNITS ARE RACIALLY SEGREGATED. THE LAW SAYS THEY SHOULD NOT BE. THAT'S WHAT WHAT IS BEING BROUGHT TO YOUR ATTENTION AND THE RESULTS OF THAT SEGREGATION.

THIS GRIEVANCE IS JUST TO VERIFY THE FACT THAT AN ASSISTANT WARDEN OR A WARDEN DOES NOT HAVE AUTHORITY TO COUNTER PRISON BOARD POLICIES. THE GRIEVANCE PROCESS DOES NOT WORK HERE.

THE REVIEWER DID NOT ADDRESS THE COMPLAINTS I MADE.

I-128 Front (Revised 9-1-2007)  **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**  (OVER)

Appendix G

APPENDIX A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Offender Signature:** _Juan Emigin_          **Date:** June 20, 2013

**Grievance Response:**

You were appropriately advised at the Step I level. Grievance policy allows for one issue to be presented per grievance. Your complaint involved multiple issues and it was at the Grievance Investigator's discretion to select the most prevalent. Per the Classification Plan, no offender shall be assigned to any housing area solely on the basis of race, color, ethnic origin, or religious affiliation. Housing assignments are based custody designation, medical needs, and Institutional need. There is no indication the Michael Unit Classification Department or Administration is violating this policy. No corrective action warranted.

**Signature Authority:** _B.Howard_ B.Howard ARD          **Date:** 07-19-13

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate. *

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | CGO Initials:_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| 2nd Submission | CGO Initials:_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| 3rd Submission | CGO Initials:_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |

**I-128 Back** (Revised 9-1-2007)                          Appendix G

227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 76886
April 10, 2014

Honorable Orlinda Naranjo
Judge, 419th District Court
Travis County Courthouse
P. O. Box 1748
Austin, TX 78767

    Re:  No. 12-14-00016-CV; Juan Enriquez v. Rick Thaler, et al.
          Trial Court No. D-1-GN-12-000398 in the 126th
          District Court, Travis County.

Dear Judge Naranjo:

    On February 6, 2013, you presided over a venue transfer
hearing in the above referenced case.

    The court reporter has not yet filed the reporter's
record with the Twelfth Court of Appeals.

    I request that you contact the court reporter who
recorded the hearing and request that the transcript be
filed with the Twelfth Court of Appeals.

          Very truly yours,

          Juan Enriquez

cc:  Kyle Smith, AAG

    Honorable Cathy S. Lusk
    Clerk
    12th Court of Appeals

APPENDIX B

227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886
October 30, 2014

Honorable Orlinda Naranjo
Judge, 419th District Court
Travis County Courthouse
P. O. Box 1748
Austin, TX 78767

Re: No. 12-14-00016-CV; Juan Enriquez v. Rick Thaler
Trial Court No. D-1-GN-12-000398 in the 126th
District Court, Travis County;
Trial Court No. 3-41887 in the 3rd District
Court, Anderson County.

Demand Prior to Mandamus

Dear Judge Naranjo:

On February 6, 2013, you presided over a venue transfer hearing in the above referenced case. The reporter never filed the reporter's record of the February 6, 2013, hearing with the Twelfth Court of Appeals.

By letter of April 10, 2014, I requested that you contact the court reporter who recorded the hearing and requested that the transcript be filed with the Twelfth Court of Appeals. My brief has been filed but the court reporter has still not filed the trnsfer hearing.

This letter is a demand prior to mandamus that you order your court reporter to file the reporter's record of the venue transfer hearing of February 6, 2013, with the Twelfth Court of Appeals.

Very truly yours,

Juan Enriquez

cc: Honorable Cathy S. Lusk
Clerk, 12th Court of Appeals

Kyle Smith

APPENDIX C